UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-10515JVS(AFMx) | Date | Feb. 24, 2021 |
| Title | Wixen Music Publishing, Inc. v. Triller, Inc. et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Defendant's Motion to Dismiss**

Defendant Triller, Inc. ("Triller") moved to dismiss Plaintiff Wixen Music Publishing, Inc.'s ("Wixen") complaint. Dkt. No. 22. Wixen opposed the motion. Dkt. No. 25. Triller also filed a request for judicial notice ("RJN"). Dkt. No. 23. Wixen opposed the request as well. Dkt. No. 24. Triller filed its reply, Dkt. No. 26, as well as a reply to Wixen's opposition to its RJN, Dkt. No. 27.

For the following reasons, the Court **GRANTS** the motion. The Court also **GRANTS** in part and **DENIES** in part Triller's RJN. Wixen has 30 days to replead.

**I. BACKGROUND**

**1.     Factual Background**

The following background is drawn from Wixen's complaint. Dkt. No. 1 ("Compl.").

Wixen is a music publisher that has "the exclusive right to sign agreements, collect royalties, receive monies, issue synchronization and other licenses, pay royalties, register copyrights, and otherwise interact and assert rights on behalf of each copyright owner . ..." Compl. ¶ 3. It also describes itself as a publishing administrator and the exclusive licensee and/or owner of thousands of musical compilations. Id. ¶ 13. Wixen filed suit alleging copyright infringement against Triller. Id. ¶ 1. Triller is the operator of the Triller App ("App"), a video-sharing social network app. Id. ¶ 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 20-10515JVS(AFMx)                                    Date   Feb. 24, 2021

Title      Wixen Music Publishing, Inc. v. Triller, Inc. et al

Users of the App can make short videos (less than fifteen seconds) and synchronize those videos with Triller's library of music. Id. ¶ 15. Users may share their videos with friends, via the App, or publicly. Id. ¶ 17.

Wixen claims that many of the musical compositions within the music library have not been licensed by Triller, and that Triller does not compensate the copyright owners. Id. ¶ 19. Nonetheless, Triller catalogues the works, promotes them, and reproduces them. Id. ¶ 20.

Wixen also alleges that Triller was aware it had to negotiate licenses with Wixen and other publishers – and has been criticized before for not doing so – and chose not to do so. Id. ¶¶ 22-24. Wixen cites to Triller's continued use of the works even after it notified Triller of the copyrights. Id. ¶ 24.

For these violations, Wixen brings two causes of action for direct copyright infringement and contributory copyright infringement, and requests both actual damages and statutory damages as well as injunctive and declaratory relief.

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 20-10515JVS(AFMx)                                    Date  Feb. 24, 2021

Title     Wixen Music Publishing, Inc. v. Triller, Inc. et al

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

#### A. Request for Judicial Notice

Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b).

Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002). There are, however, three exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment. Lee, 250 F.3d at 688.

First, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record, but it "cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018), cert. denied sub nom. Hagan v. Khoja, 139 S. Ct. 2615, 204 L. Ed. 2d 264 (2019) (citing Lee, 250 F.3d at 689); see Fed. R. Evid. 201(b).

Second, the Court also may take judicial notice of documents attached to or "properly submitted as part of the complaint." Lee, 250 F.3d at 688.

Third, if the documents are "not physically attached to the complaint," they may still be considered if the documents' "authenticity . . . is not contested" and the documents are necessarily relied upon by the complaint. Id.; United States v. Corinthian Colleges, 655 F.3d 984, 998–99 (9th Cir. 2011). "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint" and cannot be incorporated by reference. Khoja, 899 F.3d at 1002.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 20-10515JVS(AFMx)                                    Date   Feb. 24, 2021

Title   Wixen Music Publishing, Inc. v. Triller, Inc. et al

    Triller requests that the Court take judicial notice of the following documents:

1. The First Amended Complaint in Wixen Music Publishing, Inc. v. Pandora Media, Inc., et al., No. 2:19-cv-05278 SVW (Jcx) (C.D. Cal. Dec. 16, 2019, Dkt. No. 26)
2. Copyright Office Records for (PA0001305520), 3 Things (PA0001993661), Around My Way Freedom Ain't Free (PA0001800663), Fever (PA0001918263), Testify (PA0001197435), Your Time Has Come (PA0001281044), Blame It On The Bossa Nova (No. EU0000748850), Blitzkrieg Bop (No. EU0000832779), Mercedes Benz (No. EU0000226499), and Santa Claus is Comin' To Town (No. EP44455).

    Wixen opposes Triller's request.  Regarding Triller's first request, i.e., of the First Amended Complaint, Wixen claims that the Complaint is subject to varying interpretations and thus should not be judicially noticed.  Dkt. No. 24 at 2-3.  It adds that the second request does not contain judicially noticeable facts because "Wixen vigorously counters that it holds the necessary rights to sue for infringement of the copyrights of these works as their owner and/or exclusive licensee" and otherwise relies on outdated and nonbinding precedent for support.  Id. at 3-4.

    First, the Court **DENIES** Triller's request as to the First Amended Complaint as the Court need not take judicial notice of in district court documents.  It will consider the First Amended Complaint as necessary and in line with Ninth Circuit precedent.  Wyatt v. Terhune, 315 F.3d 1108, 1114 (9th Cir.2003) (citing M/V Am. Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983)); Cal. ex rel. RoNo, LLC v. Altus Fin. S.A., 344 F.3d 920, 931 (9th Cir. 2003);

    Second, the Court **GRANTS** Triller's second request as to the copyright records.  These are documents that are attached to, or referenced in, the Complaint.  Lee, 250 F.3d at 688.  Moreover, Copyright certificates are the type of documents that the court may judicially notice under Rule 201(b)(2).  See, e.g., Oroamerica Inc. v. D & W Jewelry Co., Inc., 2001 WL 537780, * 1, n. 4 (9th Cir. May 14, 2001) (Unpub. Disp.) (granting a request that the court take judicial notice of a supplemental copyright registration certificate); Metro Publishing, Ltd. v. San Jose Mercury News, 987 F.2d 637 (9th Cir.1993) (taking judicial notice of trademarks registrations issued by the United States Patent and Trademark Office); Vigil v. Walt Disney Co., 1995 WL 621832, * 1–2 (N.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 20-10515JVS(AFMx)                                        Date   Feb. 24, 2021

Title   Wixen Music Publishing, Inc. v. Triller, Inc. et al

Cal. Oct.16, 1995) (taking judicial notice of copyright registration certificates).

Therefore, the Court **DENIES** in part and **GRANTS** in part Triller's RJN.

**B.     Motion to Dismiss**

Triller advances two arguments in its motion to dismiss. First, it claims that Wixen has not plausibly alleged that it holds the exclusive rights under the relevant statute to bring its claims. Dkt. No. 22 at 10-20. Second, it adds that Wixen's failure to allege critical facts as to time also independently warrants dismissal. Id. at 21-24.

To allege copyright infringement, a plaintiff must show (1) ownership of the allegedly infringed material and (2) demonstrate that the alleged infringer violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. See Baxter v. MCA, Inc., 812 F.2d 421, 423 (9th Cir. 1987); 17 U.S.C. § 501(a).

Regarding its first argument, Triller asserts that Wixen fails to demonstrate that it is "an owner or exclusive licensee of the right" sought to be enforced under Section 106 of the Copyright Act. Dkt. No. 22 at 10 (citing Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1150 (9th Cir. 2008)). While Wixen calls itself an exclusive licensee and/or owner in the complaint, Triller asserts that those allegations are conclusory and even contradictory with other assertions that the songwriters themselves own the songs. Id. at 10-11 (citing Compl. ¶ 3, 12, 13, 30)). Wixen does not identify any songs for which it is the copyright owner, instead proffering administrative tasks it may handle on the owner's behalf. Id. at 11-12. None of these administrative tasks plausibly suggest that Wixen has any enforceable rights under section 106 as an "exclusive licensee" either. Id. at 13. Wixen also does not plead – and likely does not qualify – as an exclusive licensee given the high bar to be one. Id. at 14-15. Triller reasserts many of the same claims in its reply, specifically that it does not allege that it holds any of the six specific rights as defined in section 106 (and any rights that it does allege do not fall into those six specific rights) and any attempts to do so fail under Twombly. Dkt. No. 26 at 2-9.

Further, even if Wixen "could plausibly allege that it holds the exclusive right 'to authorize' others to exercise certain Section 106 Rights, that would not be enough." Dkt. No. 22 at 16. Here, Triller analogizes Wixen to a "middle man" and claims that Wixen's agreements – absent any indication to the contrary – are more like employment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-10515JVS(AFMx) | Date | Feb. 24, 2021 |
| Title | Wixen Music Publishing, Inc. v. Triller, Inc. et al | | |

agreements and less like exclusive copyright licensing agreements. Id. at 16-17. Neither do any exceptions to that aforementioned rule help Wixen. Id. at 17-18 (citing Minden Pictures, Inc. V. John Wiley & Sons, Inc., 795 F.3d 997 (9th Cir. 2015)). Any attempts by Wixen to analogize this situation to that of Minden are misplaced, as well. Dkt. No. 26 at 9-13.

Triller's second argument focuses on Wixen's purportedly deficient complaint, specifically "Wixen has not alleged when the songs in dispute were created, when Wixen purported to acquire rights in those songs, or when the alleged infringement occurred." Dkt. No. 22 at 21. Because it has not pleaded when the songs were created, it is unclear whether the Copyright Act of 1909 or 1976 would apply. Id. at 21-22. Further, "Wixen must plausibly allege that its clients had retained Wixen—and that, in so doing, they conveyed to Wixen an exclusive right under section 106–by the time those clients' songs were allegedly infringed." Id. at 23. Finally, Wixen may not sue for the alleged infringement of songs that occurred more than three years ago, owing to a three-year statute of limitations under the Copyright Act of 1976. Id. at 23-24.

In response, Wixen asserts that it has a statutory right to sue for infringement for the six enumerated exclusive rights in a copyright, Section 106 protects the ability "to do and authorize" those acts. Dkt. No. 25 at 5 (citing 17 U.S.C. § 106). This would include synchronization rights, which it alleges Triller violated here. Id. (citing Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 527 (9th Cir. 2008)). Wixen also argues that the exclusive rights it holds as the exclusive licensee and/or owner of the musical compositions, including the rights to sign agreements, collect royalties, receive monies, issue synchronization and other licenses, pay royalties, register copyrights, and otherwise interact and assert rights on behalf of each copyright owner, satisfy the requirements of the Act. Id. at 6-7 (citing Compl. ¶¶ 3, 13). Synchronizaton rights, it adds, are part of the right of reproduction. Id. at 7. That Wixen is only an administrator of the songs and represents the songwriters as a licensing agent likewise does not eliminate Wixen's statutory right to sue for infringement. Id. at 10-12 (citing Minden, 793 F.3d 997).

Elsewhere, Wixen asserts that Triller's claims, i.e., that Wixen "does not (1) specify when it acquired the rights in the works; (2) attach its licensing agreements to the Complaint or include in the Complaint quotes from the agreements; nor (3) allege that its licensing agreements are written agreements" are false requirements not present in any pleading requirements for violations of the Act. Id. at 9-10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-10515JVS(AFMx) | Date | Feb. 24, 2021 |
| Title | Wixen Music Publishing, Inc. v. Triller, Inc. et al | | |

Finally, Wixen argues that whether the 1976 or 1909 Act apply is inconsequential. First, it claims that the case on which Triller relies – Nafal v. Carter, 540 F. Supp. 2d 1128 (C.D. Cal. 2007) – was appealed to the Ninth Circuit, and the Ninth Circuit decided the case without deciding which Act applied. Id. at 19-20. Second, Wixen cites to a number of cases from within the Circuit where the Ninth Circuit has applied the 1976 Act to pre–1978 works, and that courts instead look to the 1909 Act to determine authorship of works created before 1978 only. Id. at 27-28

The Court agrees with Triller. Wixen filed suit alleging violations of the Copyright Act of 1976, but it is not clear from the Complaint whether the 1976 Act or the Copyright Act of 1909 applies. Without any clarification on when the songs (spanning eight pages) were created, Wixen's Complaint fails because Wixen may lack standing to sue for the reasons discussed below.

Under the 1909 Act, copyrights were "incapable of assignment in parts," and therefore, an assignment included "the totality of rights commanded by copyright." 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 10.01[A] (2020) (Nimmer & Nimmer). This "doctrine of indivisibility created many problems for copyright licensees, including the licensee's lack of standing to bring an infringement action and the exclusive licensee's inability to register his license." Gardner v. Nikke, Inc., 279 F.3d 774, 777-78 (9th Cir. 2002). Therefore, under the 1909 Act, "an exclusive licensee may not alone maintain an infringement action, he may do so, however, if he joins the copyright owner and may even join the owner as an involuntary party." Cable Vision, Inc. v. KUTV, Inc., 335 F.2d 348 (9th Cir. 1964).

Under the 1976 Act, however, an exclusive licensee may proceed with a copyright infringement lawsuit even without the licensor's presence. See 3 Nimmer & Nimmer, supra, § 12.02[B] ("It is no longer necessary for an exclusive licensee to join his licensor as a party to the action. As the owner of 'an exclusive right under a copyright,' an exclusive licensee is 'entitled ... to institute an action for any infringement of that particular right committed while he or she is the owner of it.' ") (footnotes and citations omitted).

Numerous courts and circuits have found that "[a]ny rights or remedies under the 1909 Copyright Act are superseded by the rights and remedies under the current

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-10515JVS(AFMx) | Date | Feb. 24, 2021 |
| Title | Wixen Music Publishing, Inc. v. Triller, Inc. et al | | |

Copyright Act with respect to causes of action arising on or after January 1, 1978.  This is true even as regards to works that first became the subject of copyright before 1978 under the 1909 Act." 1 Nimmer & Nimmer, supra, § 1.20.

However, the Ninth Circuit has "erroneously" looked to 1909 Act to determine the rights and remedies available to the owner and/or exclusive licensee of a copyright.  1 Nimmer & Nimmer, supra, § 1.01[D] n.309.  Regardless of how erroneous that approach may be, it is binding within the Circuit.

Therefore, like the Court in Nafal, regardless of whether this Court believes a treatise, i.e., Nimmer & Nimmer, or other courts and circuits to be persuasive, it is bound to follow the Ninth Circuit precedent that "the rights afforded to copyrights created and published before 1978 are governed solely by the 1909 Act." Nafal, 540 F. Supp. 2d at 1138 (referencing Lone Ranger Television, Inc. v. Program Radio Corp., 740 F.2d 718 (9th Cir. 1984); Dolman v. Agee, 157 F.3d 708, 712 n. 1 (9th Cir.1998)); see also Universal Music-MGB NA LLC v. Quantum Music Works, Inc., No. CV163397FMOAJWX, 2017 WL 2350936, at *3 (C.D. Cal. May 30, 2017), judgment entered sub nom. Universal Music-MGP NA LLC v. Quantum Music Works, Inc., No. CV163397FMOAJWX, 2017 WL 2345637 (C.D. Cal. May 30, 2017), and judgment vacated on reconsideration sub nom. Universal Music v. Quantum Music Works, Inc., No. CV163397FMOAJWX, 2017 WL 8231044 (C.D. Cal. Aug. 17, 2017) (vacating judgment and dismissing the complaint with leave to amend).

The Court also finds Wixen's reliance on other Ninth Circuit case law – evidently evincing a general reliance on the 1976 Act – misplaced.  Halicki Films, LLC v. Sanderson Sales & Marketing considered 17 U.S.C. § 505 for the determination of attorneys' fees, not the "rights and remedies" at issue here.  547 F.3d 1213, 1230 (9th Cir. 2008).  Magnuson v. Video Yesteryear likewise does not provide any clarity on how the Ninth Circuit would view partial licensing, i.e., transferring some but not all of the rights associated with a copyright.  85 F.3d 1424, 1427 (9th Cir. 1996) (considering the application of the 1976 and 1909 Acts for the purpose of determining whether an oral transfer or grant is a valid method of transfer of the copyright). Twentieth Century Fox Film Corp. v. Entertainment Distribution likewise does not speak to the dispute at issue here, whether the 1909 Act or 1976 Act applies in instances of partial transfer.  429 F.3d 869, 877 (9th Cir. 2005), abrogated by Rimini St., Inc. v. Oracle USA, Inc., 139 S. Ct. 873 (2019).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 20-10515JVS(AFMx) | Date | Feb. 24, 2021 |
| Title | Wixen Music Publishing, Inc. v. Triller, Inc. et al | | |

Put simply, while it is clear that the 1909 Act would govern when the ownership of a work is at issue, the cases upon which Wixen relies do not demonstrate that courts may look to the 1976 Act in these instances to determine the "rights and remedies" afforded to those owners.

Because certain works may be governed by the 1909 Act and others by the 1976 Act and the Court – from the face of the Complaint – cannot determine which works are governed by which Act, the Court **GRANTS** the motion, with leave to amend. The Court does not consider any other arguments raised by either party in doing so.

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion.  Wixen has 30 days to replead.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |