UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-10515-JVS-AFMx | Date | May 6, 2021 |
| Title | Wixen Music Publishing, Inc. v. Triller, Inc. et al | | |

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **[IN CHAMBERS] Order Regarding Defendant's Motion to Dismiss**

Defendant Triller, Inc. ("Triller") moved to dismiss Plaintiff Wixen Music Publishing, Inc.'s ("Wixen") first amended complaint ("FAC"). Dkt. No. 35. Wixen opposed the motion. Dkt. No. 36. Triller then replied. Dkt. No. 37.

After the Court posted its Tentative Order ("Tentative"), Triller requested a hearing. Dkt. No. 40. Upon further review, the Court finds that a hearing is not necessary, but addresses Triller's argument below. L.R. 7-18.

For the following reasons, the Court **DENIES** the motion in part and **GRANTS** the motion in part.

## I. BACKGROUND

### 1. Factual Background

The following background is drawn from Wixen's FAC. Dkt. No. 34.

Wixen is a music publisher that has "the exclusive right to sign agreements, collect royalties, receive monies, issue synchronization and other licenses, pay royalties, register copyrights, and otherwise interact and assert rights on behalf of each copyright owner . ..." FAC ¶ 3. It "administers more than 50,000 musical compositions . . . with the goal of enhancing the value of the compositions through licensing . . .." Id. ¶ 11.

During the relevant times in this action, it is and/or was "the owner of the tens of thousands of musical compositions in its catalog," and in "many instances . . . is the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-10515-JVS-AFMx | Date | May 6, 2021 |
| Title | Wixen Music Publishing, Inc. v. Triller, Inc. et al | | |

owner of a share of a composition." Id. ¶ 12.

The written agreements between Wixen and its clients include the following (or similar) provisions:

(1) You hereby grant to us the sole and exclusive right during the Term to administer the Compositions throughout the universe ("Territory") in every capacity and aspect of music publishing. Our rights shall include, without limitation, the exclusive right to sign agreements, collect previously unpaid royalties, receive monies, issue licenses, pay royalties, register copyrights, interact on behalf of you and/or Your Publishing Company with collection, performing and/or mechanical rights societies throughout the Territory, and you agree that during the Term you will not exercise any of these rights yourself or in conjunction with any other person or firm;

(2) You agree that the exclusive rights granted to us herein are coupled with an interest, and are therefore irrevocable during the Term.

Id. ¶ 13. These agreements therefore "grant Wixen all of the relevant rights to the Works . . . couple the grant of rights with an interest . . . and prevent the client from exercising any rights so granted." Id. ¶ 14.

Wixen filed suit alleging copyright infringement of the aforementioned Works it owns against Triller. Id. ¶ 1. Triller is the operator of the Triller App ("App"), a video-sharing social network app. Id. ¶ 4. Users of the App can make short videos (less than fifteen seconds) and synchronize those videos with Triller's library of music. Id. ¶ 16. Users may share their videos with friends, via the App, or publicly. Id. ¶ 18.

Wixen claims that many of the musical compositions within the music library have not been licensed by Triller, and that Triller does not compensate the copyright owners. Id. ¶ 20. Nonetheless, Triller catalogues the works, promotes them, and reproduces them. Id. ¶ 21.

Wixen also alleges that Triller was aware it had to negotiate licenses with Wixen and other publishers – and has been criticized before for not doing so – and chose not to do so. Id. ¶¶ 24-26. Wixen cites to Triller's continued use of the works even after it notified Triller of the copyrights. Id. ¶ 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-10515-JVS-AFMx | Date | May 6, 2021 |
| Title | Wixen Music Publishing, Inc. v. Triller, Inc. et al | | |

For these violations, Wixen brings two causes of action for direct copyright infringement and contributory copyright infringement, and requests both actual damages and statutory damages as well as injunctive and declaratory relief.

## 2. Procedural Background

Triller moved to dismiss Wixen's initial complaint. Dkt. No. 22-1. This Court granted Triller's motion to dismiss, finding that to the extent that Wixen claimed to be an owner or exclusive licensee of works created and published before 1978, it would have at least have to clarify which works were created before and after that date in order for the Court to determine which Copyright Act (the Copyright Act of 1909 versus 1976) applied. Dkt. No. 33. The Court expressly reserved judgment on Triller's remaining arguments. Id.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:20-cv-10515-JVS-AFMx                              Date   May 6, 2021

Title   Wixen Music Publishing, Inc. v. Triller, Inc. et al

### III.  DISCUSSION[1]

Triller asserts two bases for dismissal, which the Court considers in turn.

**A.   Failure to State a Claim**

To allege copyright infringement, a plaintiff must show (1) ownership of the allegedly infringed material and (2) demonstrate that the alleged infringer violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. See Baxter v. MCA, Inc., 812 F.2d 421, 423 (9th Cir. 1987); 17 U.S.C. § 501(a).

First, Wixen asserts that Triller has failed to plausibly allege it holds the exclusive rights under section 106 of the Copyright Act. Dkt. No. 35 at 8. While Wixen contends it is a copyright owner, Wixen does not plausibly allege that its clients surrendered title to their respective stakes in their copyrights in full. Id. at 9-10. Even taking these allegations as true, including the transfer language incorporated in Wixen's complaint, these clauses clearly demonstrate that Wixen is an administrator – and not an owner – of the copyrights. Id. at 10-12. The rights Wixen did receive are also not enforceable rights under section 106, and Wixen "cannot transmogrify those mundane contractual responsibilities into enforceable section 106 rights." Id. at 13-14. Absent a claim to enforcing those rights, Wixen is a mere licensing agent, and the ability to authorize others to exercise section 106 rights is not enforceable under the same section. Id. at 15-16.

In response, Wixen first asserts that exclusive licensees are owners within the meaning of the Act. Dkt. No. 36 at 7. Therefore, it too can institute an action for infringement. Dkt. No. 36 at 7 (citing 17 U.S.C. § 501(b)). Wixen then reviews the exclusive license agreements it has with its clients, which it argues, demonstrate that Wixen has received *all* of the section 106 Rights. Id. at 10. That the agreements list specific rights does not limit the actual rights transferred to Wixen, given that the rights

---

[1]At the outset, Wixen asserts that the Court should disregard materials outside the FAC. Dkt. No. 36 at 6. Wixen first contends that excerpts from a book authored by Mr. Randall Wixen, in his personal capacity, should be disregarded as those statements could not be imputed to Wixen as a corporation. Triller does not respond to these assertions in its reply. See Dkt. No. 37. Nonetheless, the Court is aware of the applicable legal standard for a motion to dismiss and will construe all arguments accordingly.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:20-cv-10515-JVS-AFMx                                Date   May 6, 2021

Title   Wixen Music Publishing, Inc. v. Triller, Inc. et al

are transferred "without limitation." Id. (citing FAC ¶ 13). That the agreement transferred these rights with interest also provides another independent basis for standing. Id. at 11-12. Even if Wixen were only a mere administrator or a licensing agent, it would still have standing to sue. Id. at 14 (citing Minden Pictures, Inc. v. John Wiley & Sons, Inc., 795 F.3d 997 (9th Cir. 2015)).

Only the legal or beneficial owner of an exclusive right under a copyright is entitled to sue for copyright infringement. Silvers v. Sony Pictures Entm't, Inc., 402 F.3d 881, 884–86 (9th Cir. 2005) (en banc). Under section 106, a copyright holder has the exclusive rights to reproduce, distribute, publicly display, perform, and create derivative works of the copyrighted work. Fox Broad. Co., Inc. v. Dish Network, LLC, 905 F. Supp. 2d 1088, 1098–99 (C.D. Cal. 2012); Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc., 907 F. Supp. 1361, 1367 (N.D. Cal. 1995). The list of exclusive rights in 17 U.S.C. § 106 is exhaustive. Silvers, 402 F.3d at 886–87. The bare right to sue is not an exclusive right within the meaning of the statute. John Wiley & Sons, Inc. v. DRK Photo, 998 F.Supp.2d 262, 277 (S.D.N.Y. 2014).

The Court agrees with Wixen that, at least at the pleading stage, whether it is an exclusive licensee, legal owner, or beneficial owner does not affect the Court's analysis as to whether it has standing to sue. An owner of a copyright can transfer ownership of a copyright "'via an assignment or an exclusive license' and both 'constitute a 'transfer of copyright ownership.'" Righthaven LLC v. Hoehn, 716 F.3d 1166, 1170 (9th Cir. 2013) (emphasis added) (quoting 17 U.S.C. § 101).

Therefore, at issue are the exact type of rights Wixen alleges it received. Under Section 101, a copyright owner may transfer Section 106 rights or other rights associated with a copyright:

> A 'transfer of copyright ownership' is an assignment, mortgage, exclusive license, or any other conveyance, alienation, or hypothecation of a copyright or of any of the exclusive rights comprised in a copyright, whether or not it is limited in time or place of effect, but not including a nonexclusive license.

17 U.S.C. § 101 (emphasis added). A transfer of copyright ownership may or may not include the exclusive rights comprised in a copyright. Therefore, the Court must assess whether the licensing agreements transferred Section 106 rights. See Righthaven, 716

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-10515-JVS-AFMx | Date | May 6, 2021 |
| Title | Wixen Music Publishing, Inc. v. Triller, Inc. et al | | |

F.3d at 1169. Wixen's assertion that the rights to do or authorize those section 106 rights are interchangeable is inapposite: the Court must look for a transfer of the rights themselves first. 17 U.S.C. § 106; see also Minden, 795 F.3d at 1003 (9th Cir. 2015) (referencing that the right to do and authorize may be interchangeable, but first assessing whether a section 106 right was transferred).

When determining whether a contract or some other agreement transferred section 106 rights, courts look to the "substance and effect" of the same. Righthaven, 716 F.3d at 1169; Nafal v. Carter, 540 F. Supp. 2d 1128, 1141-43 (C.D. Cal. 2007), aff'd, 388 Fed. App'x. 721 (9th Cir. 2010) (looking at the substance of an assignment contract purporting to give plaintiff ownership and concluding that the plaintiff had been assigned only the right to sue).

Here, the standard language in the contracts between Wixen and the composers, songwriters, etc., grants Wixen the "sole and exclusive right . . to administer the Compositions . . . [which] include[s], without limitation, the exclusive right to sign agreements, collect previously unpaid royalties, receive monies, issue licenses, pay royalties, register copyrights, interact on behalf of you and/or Your Publishing Company with collection, performing and/or mechanical rights societies throughout the Territory . . .." FAC ¶ 13. The FAC also alleges that "[a]s the owner of the Works, Wixen has the exclusive right to sign agreements, collect royalties, receive monies, issue synchronization and other licenses, pay royalties, register copyrights, and otherwise interact and assert rights on behalf of each copyright owner with or against musical service companies such as Triller." FAC ¶ 1

Wixen contends this language transfers to it all of the exclusive rights in section 106. Dkt. No. 36 at 10. Triller contends that "[t]here is no overlap" between these rights and those found in section 106. Dkt. No. 37 at 4-5. It also distinguishes between those section 106 rights and the ones here, arguing that it provides an exclusive license "to engage in conduct other than the rights accorded copyright owners under section 106." Id. at 5.

The Court agrees with Wixen. The agreement grants Wixen the "sole and exclusive right . . . to administer the Compositions . . in every capacity and aspect of music publishing." FAC ¶ 13. This clause would suggest that Wixen received some section 106 rights as part of the transfer. See e.g., Minden, 795 F.3d at 1004 ("Under the Agency

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-10515-JVS-AFMx | Date | May 6, 2021 |
| Title | Wixen Music Publishing, Inc. v. Triller, Inc. et al | | |

Agreements, Minden is the 'sole and exclusive agent and representative with respect to the Licensing of any and all uses' of the photographs. That is, the photographers have promised that Minden, and only Minden, will have the power, as the photographers' licensing agent, to authorize third parties to reproduce, distribute, and display the photographs.").[2]

Moreover, the enumerated rights – "to sign agreements, collect previously unpaid royalties, receive monies, issue licenses, pay royalties, register copyrights, interact on behalf of you and/or Your Publishing Company with collection, performing and/or mechanical rights societies" – encompass at least one 106 right. While the Court

---

[2] In its request for hearing, Triller asserts that the Court has needlessly and erroneously read the Ninth Circuit's decision in Minden as creating a circuit split with the First and Seventh Circuits. Triller argues that there are significant factual dissimilarities between Minden and the instant action. The Court finds otherwise.

In Minden, plaintiff entered into "Agency Agreements" with individual photographers, in which those photographers appointed Plaintiff as the "sole and exclusive agent and representative with respect to the Licensing of any and all uses of Images" in the relevant territory. Minden, 795 F.3d at 1000. The Agreements also confer upon Minden "the unrestricted, exclusive right to distribute, License, and / or exploit the Images ... without seeking special permission to do so." Id. The Agreements define "Licensing" as "the marketing, grant, lease, sale, use or other exploitation of reproduction rights to an Image." Id. The language in those contracts was also limiting, providing that the images "shall at all times remain the sole and exclusive property of the Photographer, including the copyright." Id. Plaintiff only held the right to license the photographs. The appeal concerned only whether Defendant had exceeded the scope of its licenses. Id.

The Court notes some points in Minden it finds applicable here. First, regarding Triller's assertion that the right "to authorize" a section 106 right is not interchangeable, from the Court's review of Minden, it finds otherwise. "The right "to authorize" these acts is also an "exclusive right" under the Act." Minden, 795 F.3d at 1003. Second, while the Ninth Circuit agreed that the Agency Agreements did not make Plaintiff the legal owner of the copyrights, id. At 1003, it nonetheless also found that as the "sole and exclusive agent and representative with respect to the Licensing of any and all uses" of the photographs, Plaintiff had standing to sue. Id. at 1005. Of note, "If Minden could not bring an infringement suit on behalf of the photographers for whom it serves as a licensing agent, those photographers would have to bring suit individually, either in individual actions or in a single suit under Federal Rule of Civil Procedure 20. Both procedural alternatives have significant disadvantages." Id. at 1005. The Court finds the Ninth Circuit's reasoning applicable here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:20-cv-10515-JVS-AFMx  Date  May 6, 2021

Title  Wixen Music Publishing, Inc. v. Triller, Inc. et al

acknowledges that merely asserting that these rights are section 106 rights does not make them so, Righthaven, 716 F.3d at 1168, the Court also finds that the ability to issue licenses approximates synchronization rights. See See Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 527 (9th Cir. 2008) (finding that synchronization rights constitute the right to reproduce compositions within the meaning of section 106).

Finally, the cases relied upon by Triller – Wixen v. Pandora Media, Inc., No. 2:19-cv-05278 (C.D. Cal. 2020) and Wixen v. Twentieth Century Fox Home Ent. LLC, No. 2:08-cv-00112 (C.D. Cal. 2008) – do not clarify this issue any further. In Twentieth Century Fox, Judge Real simply signed the proposed order and did not further opine on whether Wixen had standing (indeed, the defendant's standing argument comprised just two pages at the end of its motion). And in Pandora, Wixen had not alleged in its complaint the contractual language which it did here.

Therefore, at the current stage of the pleadings, the Court finds that the contractual language cited in the amended complaint plausibly alleges that Wixen owns certain section 106 rights. See Quigley v. Pennsylvania Higher Educ. Assistance Agency, No. C00-1661CRB, 2000 WL 1721069, at *5 (N.D. Cal. Nov. 8, 2000) (denying motion to dismiss breach of contract claim where contract was reasonably susceptible to both plaintiff's and defendant's interpretation of the contract) (citing Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994)). For now, Wixen has alleged that it is either the legal owner or exclusive licensee of these copyrights.

The Court acknowledges that Triller argued in its request for hearing, Dkt. No. 40, that Wixen may not sue Triller for infringement of an 'approximate' right it has, i.e., there must be a direct match between the right owned, the right infringed, and the right upon which it sues. Dkt. No. 40 at 1-2. While Wixen may only sue for a particular right infringed upon by Triller, 17 U.S.C. § 501(b), the request does not respond to the above cited language and the non-enumerated rights, i.e., that the contractual language grants Wixen the "sole and exclusive right . . . to administer the Compositions . . in every capacity and aspect of music publishing." FAC ¶ 13. From the Court's perspective, a question of fact remains as to what exactly these rights were, and the resolution of such question of fact is inappropriate on a motion to dismiss. Iqbal, 556 U.S. at 678. Triller's request seemingly neglects this portion of the Court's Tentative. To the extent that a factual determination of whether Wixen is in fact a legal owner or exclusive licensee of a section 106 right requires a review of each of those copyright transfer agreements, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-10515-JVS-AFMx | Date | May 6, 2021 |
| Title | Wixen Music Publishing, Inc. v. Triller, Inc. et al | | |

Court finds that such a determination is more appropriate on a motion for summary judgment.

Therefore, the Court **DENIES** Triller's motion to dismiss on the ground that the Wixen is not the owner of any section 106 rights.

**B.     Statute of Limitations**

Second, Wixen asserts that the Copyright Act's three-year statute of limitations bars relief as to any alleged infringement that occurred more than three years ago.  Dkt. No. 35 at 26.  Because section 507(b) of the Copyright Act provides that "[n]o civil action shall be maintained under the [Copyright Act] unless it is commenced within three years after the claim accrued," 17 U.S.C. § 507(b), Wixen may not sue for any alleged infringement that occurred three years before it filed suit.  Id. at 16-27.  Wixen is also not entitled to any relief from the discovery rule, given that it was aware of the Triller app as early as 2015 and even downloaded the app around the time the complaint was drafted.  Id. at 20 (referencing Dkt. No. 36 at 23).

In response, Wixen contends that by arguing the statute of limitations applies, Triller is attempting to convert the instant motion into a motion for summary judgment.  Dkt. No. 36 at 17-18.  However, Wixen asserts that much of the factual basis concerning when it may have discovered the infringing conduct will be a subject of discovery, especially as it relates to "Triller's infringement of the particular songs at issue. . .."  Id. at 18.

"When an affirmative defense is obvious on the face of a complaint . . . a defendant can raise that defense in a motion to dismiss."  Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 902 (9th Cir. 2013).  Therefore, when, from the face of the complaint, an action appears time-barred because of a statute of limitations defense, a Court may dismiss the claim.  See Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980) (district court may dismiss a claim "[i]f the running of the statute is apparent on the face of the complaint" and the assertions of the complaint do not permit a showing that the statute was tolled).

The allegations leave open the possibility that the infringing acts continued into the limitations period and are otherwise silent about when Wixen discovered or should have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:20-cv-10515-JVS-AFMx                Date  May 6, 2021

Title    Wixen Music Publishing, Inc. v. Triller, Inc. et al

discovered the same.  Certainly, learning about the existence of an application available for consumers to download is distinct from learning that the very same application is possibly infringing on copyrights you own.  Moreover, Wixen may have only learned about a possible infringement as to one copyright, but not another.  Put simply, it is not clear from the complaint when each violation occurred.  Therefore, dismissal on this ground is inappropriate at this time.  See Coleman v. Kohl's Dep't Stores, Inc., No. 15–cv–02588–JCS, 2015 WL 5782352, at *4 (N.D.Cal. Oct. 5, 2015) (denying the defendant's motion to dismiss on statute of limitations grounds where it was not obvious from the face of the complaint when the alleged violation occurred).

Therefore, the Court **DENIES** Triller's motion to dismiss on the ground that the statute of limitations bars Wixen's claims.

**C.    Section 501(b) Notice**

In a footnote, Triller argues that if the case were to proceed past the pleading stage, this Court "ought to exercise its express statutory power to require that Wixen "serve written notice of th[is] action" on its clients," given that the clients' interest in their copyrights would be affected by a decision in this action.  Dkt. No. 35-1 at 13.

Section 501(b) of the Copyright Act of 1976 provides, in part, the following:

> The court may require such owner to serve written notice of the action with a copy of the complaint upon any person shown, by the records of the Copyright Office or otherwise, to have or claim an interest in the copyright, and shall require that such notice be served upon any person whose interest is likely to be affected by a decision in the case. The court may require the joinder, and shall permit the intervention, of any person having or claiming an interest in the copyright.

17 U.S.C. § 501(b).

The Court agrees with Triller.  Wixen must provide written notice of the pending claims in this action.  For all copyrights asserted in its complaint, Wixen must provide to this Court no later than thirty (30) days after this Order the following: a list of all co-owners of those copyrights, a sample letter informing those owners of the action pending before this Court as well as their right to intervene per 17 U.S.C. § 501(b); and finally, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-10515-JVS-AFMx | Date | May 6, 2021 |
| Title | Wixen Music Publishing, Inc. v. Triller, Inc. et al | | |

declaration attesting to Wixen's actions and diligence in providing notice to those owners, as well as any remaining details concerning that notice.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion in part and **GRANTS** the motion in part.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |