LATHAM & WATKINS LLP
Joseph R. Wetzel (Bar No. 238008)
 *joe.wetzel@lw.com*
Andrew M. Gass (Bar No. 259694)
 *andrew.gass@lw.com*
Nicholas Rosellini (Bar No. 316080)
 *nick.rosellini@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

Allison L. Stillman (*pro hac vice*)
 *alli.stillman@lw.com*
1271 Avenue of the Americas
New York, New York 10020
Telephone: +1.212.906.1747
Facsimile: +1.212.751.4864

Allison S. Blanco (Bar No. 287554)
 *allison.blanco@lw.com*
650 Town Center Drive
Costa Mesa, California 992626
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

*Attorneys for Defendant Triller, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WIXEN MUSIC PUBLISHING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TRILLER, INC., a Delaware corporation; and TRILLER, LLC, a limited liability company,<br><br>Defendants. | Case No. 2:20-cv-10515-JVS-AFM<br><br>**DEFENDANT TRILLER, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BIFURCATE DISCOVERY**<br><br>The Honorable James V. Selna<br><br>Date: July 26, 2021<br>Time: 1:30 PM<br>Courtroom: 10C |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF.'S MEMO OF P&As IN SUPPORT OF
MOTION TO BIFURCATE DISCOVERY
CASE NO. 2:20-CV-10515-JVS-AFM

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ................................................................................................ 1

II.   PROCEDURAL BACKGROUND .................................................................... 3

III.  LEGAL STANDARD ........................................................................................ 5

IV.  ARGUMENT ...................................................................................................... 6

    A.   Wixen's Standing to Bring a Copyright Infringement Suit is a Dispositive Issue That Warrants Bifurcation. ............................... 7

    B.   The Issues and Evidence Related to Copyright Ownership and Standing Are Separate and Distinct from the Other Issues in the Case. .................................................................. 9

    C.   Bifurcated Discovery Will Promote Convenience, Judicial Economy, and Expedience. ............................................. 11

    D.   Wixen Will Not Be Prejudiced If Discovery Is Bifurcated. ................................................................................................. 14

V.   CONCLUSION ................................................................................................. 15

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEF.'S MEMO OF P&As IN SUPPORT OF
MOTION TO BIFURCATE DISCOVERY
CASE NO. 2:20-CV-10515-JVS-AFM

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*AVIA Grp. Int'l, Inc. v. Nike, Inc.*,
  No. 91-CV-326-JU, 1991 WL 340569 (D. Or. Nov. 21, 1991) ..................... 9, 10

*Bassil v. Webster*,
  No. 2:20-CV-05099-SB, 2021 WL 1235258, Slip op.
  (C.D. Cal. Jan. 15, 2021) ............................................................... 2, 9, 11

*Boone v. City of Los Angeles*,
  522 F. App'x 402 (9th Cir. 2013) ............................................................ 6

*Cook v. United Serv. Auto. Ass'n*,
  169 F.R.D. 359 (D. Nev. 1996) ............................................................... 7

*Craigslist Inc. v. 3Taps Inc.*,
  942 F. Supp. 2d 962 (N.D. Cal. 2013) .................................................. 5, 7

*Ellingson Timber Co. v. Great N. Ry. Co.*,
  424 F.2d 497 (9th Cir. 1970) ........................................................... 2, 5, 7

*Exxon Co. v. Sofec, Inc.*,
  54 F.3d 570 (9th Cir. 1995) .................................................................... 6

*Firooz Zahedi v. Miramax, LLC, et al.*,
  No. 2:20-CV-04512 (C.D. Cal. Mar. 24, 2021) ("Miramax Order") .......... *passim*

*Good Morning to You Prods. Corp. v. Warner-Chappell Music, Inc.*,
  No. 13-CV-4460-GHK, 2013 WL 12138670 (C.D. Cal. Oct. 16, 2013) ............. 7

*Gravity Defyer Corp. v. Under Armour, Inc.*,
  No. 13-CV-01842-JAK, 2013 WL 12138987
  (C.D. Cal. July 23, 2013) ...................................................................... 15

*In re Innotron Diagnostics*,
  800 F.2d 1077 (Fed. Cir. 1986) ............................................................... 6

*Moreno v. NBCUniversal Media, LLC*,
  No. 13-CV-1038-BRO, 2013 WL 12123988

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

DEF.'S MEMO OF P&As IN SUPPORT OF
MOTION TO BIFURCATE DISCOVERY
CASE NO. 2:20-CV-10515-JVS-AFM

(C.D. Cal. Sept. 30, 2013) ............................................................................... 7, 9, 10

*Reed v. AutoNation, Inc.*,
 No. 16-CV-08916-BRO, 2017 WL 6940519 (C.D. Cal. Apr. 20, 2017) ............. 7

*Tessera, Inc. v. UTAC (Taiwan) Corp.*,
 No. 5:10-CV-04435-EJD, 2015 WL 5736394 (N.D. Cal. Sept. 30, 2015) ...... 7, 8

*Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*,
 200 F.3d 795 (Fed. Cir. 1999) ....................................................................... 1, 6

*Young v. Mophie, Inc.*,
 No. 19-CV-827-JVS, 2020 WL 1000578, Slip op. (C.D. Cal. Jan. 7, 2020) ....... 7

*Zivkovic v. S. Cal. Edison Co.*,
 302 F.3d 1080 (9th Cir. 2002) ........................................................................... 5

**RULES**

Fed. R. Civ. P. 1 ......................................................................................................... 6

Fed. R. Civ. P. 42(b) .............................................................................................. 1, 5

**OTHER AUTHORITIES**

MELVILLE B. NIMMER, NIMMER ON COPYRIGHT § 12.09 (2021) ............................... 9

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEF.'S MEMO OF P&As IN SUPPORT OF
MOTION TO BIFURCATE DISCOVERY
CASE NO. 2:20-CV-10515-JVS-AFM

## I. INTRODUCTION

This is a copyright infringement suit brought by Wixen Music Publishing, Inc. ("Wixen"), a music publishing administrator, against Triller, Inc. ("Triller"), a video-sharing social media platform. Wixen continues to keep Triller and this Court guessing as to whether it is in fact the copyright owner of the songs at issue in this Action. First, it claimed to be an exclusive licensee of each disputed composition. Then, in its Amended Complaint, Wixen alleged that it (not its clients) was the owner, rather than the exclusive licensee, of the copyrights in every disputed composition. And now, in the notice it served earlier this month under section 501(b) of the Copyright Act, in response to this Court's order, Wixen apparently has informed its clients that it is pursuing this lawsuit with respect to its *clients'* rights and songs, suggesting that Wixen is not, in fact, the copyright owner. In response to Triller's motion to dismiss the Amended Complaint, the Court had found Wixen's pleading to plausibly allege sufficient rights to the works in suit to pursue the claims asserted, but reserved resolution of the issue for summary judgment. Dkt. No. 41 at 8–9. Because Wixen's right to pursue these claims at all is a gating issue that can (and should) dispose of the case, Triller seeks to prioritize and expedite that summary judgment. Specifically, Triller requests that the Court bifurcate discovery into two phases: the first addressing Wixen's copyright ownership and standing, and a second concerning all remaining issues.

Courts have broad discretion to bifurcate and manage discovery. *See* Fed. R. Civ. P. 42(b); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803–04 (Fed. Cir. 1999) ("A district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation."). More specifically, this Court's precedent supports bifurcated discovery—including in copyright infringement cases—for a number of reasons. First, and critically, this entire case may be resolved by answering the question of whether Wixen owns the requisite rights in the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEF.'S MEMO OF P&As IN SUPPORT OF
MOTION TO BIFURCATE DISCOVERY
CASE NO. 2:20-CV-10515-JVS-AFM

copyrighted material at issue in the case. *See, e.g.,* Order on Mot. to Bifurcate at 2, *Firooz Zahedi v. Miramax, LLC, et al.*, No. 2:20-CV-04512 (C.D. Cal. Mar. 24, 2021), ECF No. 140 ("Miramax Order") (holding that bifurcated discovery on the dispositive issue of copyright ownership would promote convenience, efficiency, and judicial economy). Bifurcating discovery on that preliminary and dispositive issue would "defer[] costly and possibly unnecessary discovery proceedings[.]" *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970).

Second, the underlying evidence related to copyright ownership in this case can be easily bifurcated since it is limited in scope, distinct, and largely independent from the rest of the evidentiary record. The entire universe of copyright ownership evidence will likely include documents and testimony regarding Wixen's administration agreements with its clients and any relevant communications. This discrete category of evidence will not overlap with the separate discovery typically involved with other copyright liability and damages issues related to technology and user-generated content.

Third, bifurcating discovery will promote convenience, judicial economy, and efficiency by saving the parties and the Court considerable time, money, and resources. *See, e.g., Bassil v. Webster*, No. 2:20-CV-05099-SB (PDx), 2021 WL 1235258, Slip op. at *3 (C.D. Cal. Jan. 15, 2021) (finding "bifurcation would promote judicial economy and potentially save the parties significant cost" by enabling the defendants to move for summary judgement "before the parties engage in onerous damages discovery that potentially generates disputes requiring judicial resolution"). Wixen's current discovery demands are extremely broad, and if permitted at the outset, would require Triller to engage in burdensome, time-consuming, and expensive discovery—all of which could be rendered moot if Triller's motion for summary judgment is granted.

And finally, Wixen would not be prejudiced by a phased discovery plan, a concept previewed by Triller in the parties' joint Rule 26(f) Report. Pursuant to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEF.'S MEMO OF P&As IN SUPPORT OF
MOTION TO BIFURCATE DISCOVERY
CASE NO. 2:20-CV-10515-JVS-AFM

1  Triller's proposed schedule, *infra* at 14-15, there would be no delay in completion
2  of full discovery on issues of copyright liability and damages if the case proceeds
3  beyond summary judgment. Indeed, the only prejudice is to Wixen's ability to use
4  far-ranging and costly discovery as a tool to try and coerce Triller into an
5  unfavorable settlement posture.

6  There is no downside to bifurcated discovery in this case. If the Court finds
7  that Wixen is not the owner of the copyrights in question, the case will conclude
8  without the parties engaging in potentially extensive and costly discovery. If the
9  Court determines, as a matter of law, Wixen has the necessary ownership interests
10 to assert the claims at issue, that would simply narrow the issues remaining subject
11 to discovery and trial.

12 Accordingly, Triller respectfully requests that the Court: (1) bifurcate
13 discovery as to the issue of Wixen's copyright ownership and standing; and (2) stay
14 discovery on other issues until the Court adjudicates Triller's anticipated motion for
15 partial summary judgment on that issue.

16 **II.   PROCEDURAL BACKGROUND**

17 On November 17, 2020, Wixen sued Triller for copyright infringement,
18 alleging that it "made unauthorized reproductions," "engaged in unauthorized
19 distributions," "engaged in the unauthorized creation of derivative works," and
20 "publicly performed" hundreds of Wixen works. Dkt. No. 1 ¶ 34. In doing so,
21 Wixen claimed to be the exclusive licensee or owner of all the songs in its publishing
22 catalog—including those at issue in this action—but did not specify the copyrights
23 it actually owned. *Id*. ¶¶ 3, 13, 30.

24 In response, Triller moved to dismiss the complaint on several grounds,
25 including that Wixen failed to plausibly allege any exclusive rights under section
26 106 of the Copyright Act. Dkt. No. 22 at 10–20. Triller also argued that, with
27 respect to works created before 1978, the Copyright Act of 1909 (as opposed to the
28 Copyright Act of 1976) governed and prohibited Wixen from bringing this suit. *Id*.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF.'S MEMO OF P&As IN SUPPORT OF
MOTION TO BIFURCATE DISCOVERY
CASE NO. 2:20-CV-10515-JVS-AFM

at 21–22. On February 24, 2021, the Court granted Triller's motion in part, agreeing that insofar as Wixen claimed to be an exclusive licensee as to songs created and published before 1978, it could "not alone maintain an infringement action" as to those songs. Dkt. No. 33 at 9. The Court expressly reserved judgment on Triller's remaining arguments, including Wixen's lack of standing to bring a copyright infringement suit. *Id*.

Wixen then filed an amended complaint on March 22, 2021, in which Wixen made an abrupt about-face, claiming that Wixen—not its clients—was at all relevant times "the legal owner" of "all the relevant rights" to every disputed composition. Dkt. No. 34 ¶¶ 12, 14. This was in sharp contrast to Wixen's allegation in its original Complaint that it was simply the exclusive licensee as to all songs in its catalog. Dkt. No. 1 ¶ 13.[1]

Skeptical of the dramatic evolution of Wixen's purported rights in the compositions asserted from the original Complaint, Triller moved to dismiss Wixen's First Amended Complaint on April 5, 2021. Dkt. No. 35. On May 6, 2021, the Court denied in part and granted in part Triller's second motion to dismiss. Dkt. No. 41. The Court found that determining the factual issue of Wixen's copyright ownership and standing was "inappropriate on a motion to dismiss." *Id*. at 8. According to the Court, "at the current stage of the pleadings" and "for now," Wixen plausibly alleged that it owns certain section 106 rights. *Id.* at 5, 8. In that same breath, however, the Court invited Triller to address Wixen's copyright ownership claims and standing on summary judgment instead. *Id*. at 8–9 ("To the extent that a factual determination of whether Wixen is in fact a legal owner or exclusive licensee of a section 106 right requires a review of each of those copyright transfer agreements, the Court finds that such a determination is more appropriate on a motion for summary judgment.").

---

[1] In its Amended Complaint, Wixen also added information to its list of allegedly infringed works—namely, (1) a "copyright date" for each musical work; and (2) Wixen's percentage share for each work. Dkt. No. 34, Ex. A.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEF.'S MEMO OF P&As IN SUPPORT OF
MOTION TO BIFURCATE DISCOVERY
CASE NO. 2:20-CV-10515-JVS-AFM

As part of its May 6, 2021 order, the Court also granted Triller's request that Wixen serve written notice of the present action on its clients pursuant to section 501(b) of the Copyright Act. *Id.* at 10. On June 7, 2021, Wixen provided the court-ordered notice and materials to the Court and counsel. Dkt. No. 43. The notice, directed at Wixen clients, stated in a very generalized fashion that with respect to "*your* rights" and the use of "*your* song or songs" (emphasis added), Wixen is "bringing this claim, and will distribute any proceeds, based on your Administration Agreement with Wixen." *Id.* Ex. B. The suggestion that Wixen's clients own the rights at issue (*i.e.*, the implication of Wixen having referred to "your rights" in its communication to its clients), while consistent with Triller's motions to dismiss, is entirely inconsistent with Wixen's representation to this Court that it owns *all* of those rights.

In an attempt to sort out once and for all the threshold issues in this case, and to do so efficiently rather than concurrently with other issues that may well never need to be explored, Triller seeks to bifurcate discovery on the issue of Wixen's standing and stay all other discovery, pending resolution of Triller's anticipated motion for summary judgment on Wixen's copyright ownership and standing.

## III. LEGAL STANDARD

Pursuant to Rule 42(b), the Court has broad discretion to bifurcate proceedings "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Bifurcation is appropriate where a party seeks "to defer costly discovery on one issue until another potentially dispositive issue has been resolved." *Ellingson Timber Co.*, 424 F.2d at 499; *Craigslist Inc. v. 3Taps Inc.*, 942 F. Supp. 2d 962, 982 (N.D. Cal. 2013) (same). "It is implicit that the court also [has] power to limit discovery to the segregated issues. One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Ellingson Timber Co.*, 424 F.2d at 499 (citations omitted); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEF.'S MEMO OF P&As IN SUPPORT OF
MOTION TO BIFURCATE DISCOVERY
CASE NO. 2:20-CV-10515-JVS-AFM

(9th Cir. 2002); *see also* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803–04 (Fed. Cir. 1999) ("A district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation.").

When exercising its discretion to bifurcate a proceeding, the Court should evaluate whether bifurcation "will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay[.]" *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986). The decision to bifurcate and the manner in which it is carried out lies in the sound discretion of the district court, and will not be disturbed on appeal absent an abuse of that discretion. *See Exxon Co. v. Sofec, Inc.*, 54 F.3d 570, 575 (9th Cir. 1995); *Boone v. City of Los Angeles*, 522 F. App'x 402, 403 (9th Cir. 2013).

## IV. ARGUMENT

Triller seeks to streamline this action by bifurcating discovery into two phases: (1) to decide the dispositive issue of whether Wixen possesses the requisite copyright ownership in the works, and thus standing to pursue the claims asserted, based on limited discovery and an early motion for summary judgement; and (2) to resolve, to the extent needed, all remaining liability and damages issues. The Court should grant Triller's motion for several reasons. First, bifurcation is appropriate because the issues and evidence are distinct and severable from the rest of the case. Second, bifurcated discovery will promote convenience, judicial economy, and efficiency by ensuring the parties do not engage in broad and possibly wasteful discovery efforts. Third, given the early stage of this litigation, Wixen will not be prejudiced by bifurcation.

### A. Wixen's Standing to Bring a Copyright Infringement Suit is a Dispositive Issue That Warrants Bifurcation.

Whether Wixen has standing to sue for copyright infringement of the works identified in the Amended Complaint is a dispositive issue that, if resolved, could—and *should*—end the case. Based on this Court's precedent and the straightforward nature of the gating issue at hand, bifurcated discovery is appropriate.

Courts in the Ninth Circuit have routinely held that bifurcation is appropriate where resolution of a single issue would be dispositive of the entire case. *See, e.g., Ellingson Timber Co.,* 424 F.2d at 499; *see also Reed v. AutoNation, Inc.*, No. 16-CV-08916-BRO (AGRx), 2017 WL 6940519, at *2 (C.D. Cal. Apr. 20, 2017) ("Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case."); *Cook v. United Serv. Auto. Ass'n.*, 169 F.R.D. 359, 361 (D. Nev. 1996) (same) (internal citation omitted); *3Taps*, 942 F. Supp. 2d at 982 (same).

More specifically, courts—including this one—have provided for a first phase of discovery and corresponding dispositive motions as to initial issues in a case. *See, e.g., Young v. Mophie, Inc.*, No. 19-CV-827-JVS (DFMx), 2020 WL 1000578, Slip op. at *3 (C.D. Cal. Jan. 7, 2020) (ordering a first phase of discovery as to named plaintiff's personal claims before discovery as to class claims); *see also Moreno v. NBCUniversal Media, LLC*, No. 13-CV-1038-BRO (VBKx), 2013 WL 12123988, at *2 (C.D. Cal. Sept. 30, 2013) (bifurcating discovery regarding copyright liability ahead of defendant's early motion for summary judgement on copyright license validity); *Good Morning to You Prods. Corp. v. Warner-Chappell Music, Inc.*, No. 13-CV-4460-GHK (MRWx), 2013 WL 12138670, at *3 (C.D. Cal. Oct. 16, 2013) (bifurcating discovery regarding copyright ownership and whether the work was in the public domain through summary judgment because the parties agreed this was "the most efficient way to proceed"); *Tessera, Inc. v. UTAC (Taiwan) Corp.*, No. 5:10-CV-04435-EJD, 2015 WL 5736394, at *2 (N.D. Cal. Sept. 30, 2015) (limiting

"the initial phase of discovery and dispositive motion practice to issues of contract interpretation").

Bifurcated discovery is particularly appropriate in copyright cases where resolution of a dispositive issue, such as copyright ownership, statute of limitations, or the validity of a license, may resolve the entire case.  Indeed, just a few months ago, this court bifurcated discovery on the very issue of copyright ownership.  *See* Miramax Order at 2.  In *Miramax*, a defendant in a copyright infringement suit moved to bifurcate discovery into two phases:  the first to decide copyright ownership of a photograph and the statute of limitations, and the second to resolve remaining issues of liability and damages.  *Id*. at 1.  The court granted bifurcation, finding that it would promote convenience, efficiency, and judicial economy, in part, because the case was still in the early stages and involved a threshold, dispositive issue.  *Id.* at 2.  As the court put it, "[c]ritically, the entire case may be resolved by answering the question of whether Miramax or Zahedi owns the photograph at issue."  *Id*.  Because copyright ownership and the statute of limitations were "straightforward issues of law" and would "be resolved or at least clarified on a motion for summary judgement[,]" a bifurcated discovery schedule was appropriate.  *Id*.

Here, Triller moves for the same two phases of fact discovery, on the same dispositive issue, and based on the same general principles.  This entire case can be resolved by determining whether Wixen indeed is the legal owner of the 301 songs it claims to own and alleges Triller infringed.  Like the defendant in *Miramax*, Triller asks this Court to bifurcate the straightforward issue of copyright ownership and standing, in the early stages of litigation, for consideration on an early summary judgement motion.  Much like the situation in *Miramax*, resolution of Wixen's standing to bring a copyright infringement suit will either fully resolve this litigation, or, at a minimum, narrow the remaining issues.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEF.'S MEMO OF P&As IN SUPPORT OF
MOTION TO BIFURCATE DISCOVERY
CASE NO. 2:20-CV-10515-JVS-AFM

In fact, resolving or clarifying the issue of copyright ownership is more crucial now than ever. Wixen's recent section 501(b) notice, addressed to its clients, contained vague references to Wixen bringing the present lawsuit with respect to "your rights" and "your song or songs." Dkt. No. 43, Ex. B. This is in sharp contrast to Wixen's representation to this Court that "Wixen is the *sole* owner of the entire bundle of copyrights." Dkt. No. 36 at 16 (emphasis added). The roundabout nature of the notice suggests that the preliminary issue of Wixen's copyright ownership—exclusive or otherwise—needs to be resolved before Triller is subjected to costly and burdensome discovery by the wrong party.

Bifurcating discovery will allow this Court and the parties to address the dispositive issue of Wixen's standing in the proper context—an early summary judgment motion.

### B. The Issues and Evidence Related to Copyright Ownership and Standing Are Separate and Distinct from the Other Issues in the Case.

Bifurcation is commonly granted in copyright proceedings to separate liability and damages inquiries. *See, e.g., Bassil*, 2021 WL 1235258, at *2–3 (bifurcating discovery into liability and damages phases and staying damages discovery until defendants' anticipated motion for summary judgement on liability); MELVILLE B. NIMMER, NIMMER ON COPYRIGHT § 12.09 (2021) ("Courts have discretion to bifurcate the trial into liability and damages phases."). However, as noted above, courts in this district have also bifurcated discovery on specific gating issues with respect to copyright ownership, license validity, and other discrete issues. *See supra* at 7–8.

Where the evidence related to a discrete issue is equally distinct and separate from other discovery in the case, economic efficiency weighs in favor of bifurcation. *See, e.g., Moreno*, 2013 WL 12123988, at *2; *see also Bassil*, 2021 WL 1235258, at *2; Miramax Order at 3; *AVIA Grp. Int'l, Inc. v. Nike, Inc.*, No. 91-CV-326-JU, 1991

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEF.'S MEMO OF P&As IN SUPPORT OF
MOTION TO BIFURCATE DISCOVERY
CASE NO. 2:20-CV-10515-JVS-AFM

WL 340569, at *2 (D. Or. Nov. 21, 1991). In *Moreno*, another copyright infringement case, the court granted bifurcation because the first phase of discovery involved evidence that was separate, distinct and limited in scope. *See Moreno*, 2013 WL 12123988, at *2. The witnesses relevant to the discrete issue of license validity were easily limited to two individuals, and the documents were limited to the license itself and communications between the relevant witnesses. *Id*.; Miramax Order at 3 (bifurcating discovery because "[t]he distinct questions of ownership and the statute of limitations rely on witnesses and sources of proof *different* from those relating to damages") (emphasis added).[2]

Similarly, the factual and legal issues related to copyright ownership in this case are distinct, separate, and call for completely different evidence than the remaining issues of liability and damages. Here, the inquiry will center on the issue of ownership—*i.e.*, whether Wixen owns the musical works in question. And the evidence on this discrete issue will be limited in scope and largely independent from other discovery. For instance, the witnesses related to copyright ownership should simply be the copyright owners, or Wixen's clients. Documents likely will be limited to Wixen's administration agreements with its clients and any relevant communications. Wixen's section 501(b) notice leaves much to be uncovered about the actual terms of the administration agreements and the clients' understanding of those terms. That evidence is specific and solely tied to the copyright ownership and standing issues in this case. As this Court previously recognized, "whether Wixen is in fact the legal owner or exclusive licensee of a section 106 right requires review of *each* of those copyright transfer agreements . . . ." Dkt. No. 41 at 8 (emphasis added).

Meanwhile, discovery into other liability issues and damages will turn on evidence that is wholly distinct from the copyright ownership issue and far more

---

[2] Courts in this district have also held that even where an "overlap regarding evidence . . . is likely to occur" bifurcation is still warranted so long as the overlap is not too great. *Avia*, 1991 WL 340569, at *2.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEF.'S MEMO OF P&As IN SUPPORT OF
MOTION TO BIFURCATE DISCOVERY
CASE NO. 2:20-CV-10515-JVS-AFM

complex. Among many other things, copyright liability and damages discovery may consist of detailed discovery into: technical documents regarding the user activity and structure of the Triller app, Triller's state of mind, internal policies and procedures for licensing works, Triller's DMCA policies and operations, Wixen's intent in withholding catalog information, and Wixen's motivations for pursuing litigation. Unlike the evidence required to resolve the issue of ownership and standing, the evidence and documents Triller would rely on to defend against Wixen's allegations concerning liability and damages is likely to involve highly sensitive and internal propriety business records—from *both* parties.

Triller's request for phased discovery will allow this Court to efficiently rule on the independent and threshold issue of copyright ownership, based on distinct and separate evidence, before the parties engage in fruitless discovery.

### C. Bifurcated Discovery Will Promote Convenience, Judicial Economy, and Expedience.

Bifurcating discovery on the issue of copyright ownership will promote efficiency and judicial economy for both the Court and the parties because, as noted above, it will allow Triller to move for summary judgement before the parties engage in potentially extensive and costly discovery. If bifurcation is denied, both parties will be forced to expend substantial amounts of money and resources responding to potentially moot discovery requests about copyright infringement and damages.

The court's recent analysis in *Bassil v. Webster* is instructive here. There, the court granted a motion for bifurcated discovery on the basis that it would promote judicial and economic efficiency. *Bassil*, 2021 WL 1235258, at *2–3. It agreed with the defendant that "[g]iven the potential complexities and attendant costs of damages discovery," bifurcation was appropriate. *Id*. at 2. The court also considered the fact that the defendant intended to file a motion for summary judgement, observing that "if the motion is granted, bifurcation would have benefited everyone—the parties are spared needless cost and the Court avoids potential disputes about damages." *Id*.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEF.'S MEMO OF P&As IN SUPPORT OF
MOTION TO BIFURCATE DISCOVERY
CASE NO. 2:20-CV-10515-JVS-AFM

at 3; *see also* Miramax Order at 3 ("bifurcating discovery as to ownership from remaining questions of liability and damages may save significant discovery expenses for all parties").

The Court here should similarly prioritize judicial economy and protect against premature and onerous discovery. Wixen has already served broad liability and damages-related discovery requests on Triller. For example, just *one* of the sixteen initial interrogatories served on Triller by Wixen requests as follows:

> IDENTIFY each and every use of the WIXEN WORKS by users of the TRILLER APP since the TRILLER APP was first released to the present, including without limitation: (a) the name of each WIXEN WORK used by YOUR users; (b) every date on which each WIXEN WORK was used by YOUR users; (c) a description of the use, including without limitation whether it was the creation of an audiovisual work incorporating the WIXEN WORK; the accessing, viewing, playing, reproducing, downloading, streaming or replaying of an audiovisual work that incorporates the WIXEN WORK; OR the accessing, playing, reproducing, downloading, streaming or replaying of the WIXEN WORK in whole or in part; (d) the amount of times each WIXEN WORK was used by YOUR users; and (e) the name and address of the custodian of all documents which reflect, refer to or relate to the use of each WIXEN WORK on the TRILLER APP.

*See* Declaration of Andrew M. Gass ("Gass Decl.") at ¶ 2, Ex. A (Plaintiff Wixen's First Set of Interrogatories to Defendant Triller, Inc.), at 8–9.[3]

This is in addition to the over forty requests for production Wixen served, including such requests as "all computer files" containing any alleged Wixen works, all electronically stored information, including native and archived files containing alleged Wixen works, and "all documents" reflecting "any licensing agreement" relating to "any musical composition" available on the Triller App. *See id.* at ¶ 3,

---

[3] Triller objects to this interrogatory on several grounds, including that it overly broad, burdensome, compound, and not proportional to the needs of the case. Triller also objects to the extent the interrogatory purports to require Triller to compile information in a manner that is not maintained in the ordinary course of business or seeks privileged or third-party confidential and/or proprietary information. But for purposes of this motion, Triller highlights this discovery request as illustrative of the type of burdensome discovery sought and the nature of the discovery disputes likely to emerge—but capable of being avoided.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEF.'S MEMO OF P&As IN SUPPORT OF
MOTION TO BIFURCATE DISCOVERY
CASE NO. 2:20-CV-10515-JVS-AFM

Ex. B (Plaintiff Wixen's First Set of Requests for Production of Documents on Defendant Triller, Inc.). Especially in light of the fact that Wixen has never identified each work it purports to own as it is allegedly used or appears on the Triller app, nor provided Triller with sufficient information from which such works could be identified, the time and expense required for Triller to respond to even this sample of requests is substantial and risks disclosure of confidential and proprietary information. Not to mention that it would be wasteful and highly prejudicial to have Triller engage in this process when a finding that Wixen is *not* the owner of the works in question would obviate the need for any such disclosures and expenditures. Given the broad and proprietary nature of Wixen's pending discovery requests, the Court will likely also have to adjudicate anticipated discovery disputes—another unnecessary cost should Triller succeed on its anticipated summary judgment motion.

Bifurcating discovery and resolving Wixen's (lack of) standing to bring this copyright suit in the first place should be convenient for both Triller and Wixen. Like Triller, Wixen would benefit from knowing that it will not be able to pursue its claim for copyright infringement early on, before spending resources on fruitless litigation. Indeed, the only reason Wixen would have for resisting bifurcation here would be a hope that it could use the specter of expensive and intrusive litigation to extort an unnecessary settlement. That is hardly a justification for inefficiency here.

In short, some or all of the burdensome, time-consuming, and expensive discovery, as well as the parties' anticipated discovery disputes, may be avoided with bifurcation. If the Court finds that Wixen is not the legal owner or exclusive licensee of the copyrights in issue, the parties will have successfully avoided unnecessary and expensive liability and damages discovery. Even a partial summary

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

DEF.'S MEMO OF P&As IN SUPPORT OF
MOTION TO BIFURCATE DISCOVERY
CASE NO. 2:20-CV-10515-JVS-AFM

judgment order may limit the number of musical works in this copyright action, further narrowing the scope of the damages inquiry.[4]

### D. Wixen Will Not Be Prejudiced If Discovery Is Bifurcated.

Finally, Wixen would not be prejudiced if the Court bifurcates discovery here. First, Triller specifically set forth the possibility of bifurcated discovery in the parties' Rule 26(f) Report. It noted that in the event that its pending motion to dismiss was denied, Triller would ask for "focused, phase-one discovery" on Wixen's rights, as a matter of law, to pursue claims with respect to the works identified in its complaint. Dkt. No. 30 at 5–6. Wixen was therefore on notice of the possibility of bifurcated discovery. *See* Miramax Order at 3 (finding a plaintiff was not prejudiced by bifurcation when provided notice in a Rule 26(f) report).

Second, under Triller's proposed schedule below, the trial date would not be delayed and Wixen would have ample time to conduct discovery of the remaining liability issues and damages if its claim for copyright infringement survives summary judgement. The jury trial is currently set for October 18, 2022. Dkt. No. 31. Because this case is in the very early stages of litigation, it would be possible to keep the current trial date—which is well over a year away—and move up standing and copyright ownership issues according to the following proposed schedule:

- Phase I Fact Discovery Cut-Off (standing and copyright ownership issues): September 16, 2021

- Summary Judgment: September 30, 2021

---

[4] In its Amended Complaint, Wixen removed a few dozen songs from its list of allegedly infringed works—attached in Exhibit A. Dkt. No. 34, Ex. A. Triller believes that Wixen's number of allegedly infringed songs may continue to decrease during a limited phase-one discovery process, focused on Wixen's copyright ownership claims.

- Phase II Fact Discovery Cut-Off (remaining liability and damages issues): May 1, 2022[5]

- Expert Discovery Cut-Off: July 1, 2022

- Law and Motion Cut-Off: August 29, 2022

- Jury Trial: October 18, 2022

Triller's proposed deadlines (1) afford an expedited 52-day discovery period for limited Phase I discovery on Wixen's standing and copyright ownership claims; and (2) put the burden on Triller to file a timely motion for summary judgment just two weeks after the close of Phase I discovery. Assuming timely resolution on the summary judgement motion, the parties would have until May 1, 2022 (approximately six months) to complete Phase II discovery without any changes to the current pre-trial and trial schedule.[6] As proposed, the schedule ensures that Wixen would not be prejudiced by a bifurcated schedule.[7]

## V. CONCLUSION

Triller has made a strong showing that bifurcated discovery, under its proposed schedule above, would promote convenience, efficiency, and judicial economy in this case. For all the foregoing reasons, Triller respectfully asks the Court to grant the motion to bifurcate discovery on the issue of Wixen's copyright ownership and standing, and stay discovery on the remaining liability and damages issues pending this Court's ruling on Triller's forthcoming summary judgement motion.

---

[5] Triller proposes that this deadline be tied to the Court's ruling on Triller's motion for summary judgement, and under no circumstances would the parties have less than six months to conduct Phase II discovery.

[6] *See, e.g., Gravity Defyer Corp. v. Under Armour, Inc.*, No. 13-CV-01842-JAK (JCGx), 2013 WL 12138987, at *3 (C.D. Cal. July 23, 2013).

[7] Triller offers this schedule to accommodate the phased approach being requested here, but is amenable to alternative schedule adjustments that accomplish the same goal and provide sufficient time for discovery in both phases (to the extent necessary).

|   |   |   |
|---|---|---|
| 1 | Dated: June 25, 2021 | Respectfully Submitted, |
| 2 |   | LATHAM & WATKINS LLP |
| 4 |   | By: /s/ Andrew M. Gass |

                        Joseph R. Wetzel (Bar No. 238008)
                          *joe.wetzel@lw.com*
                        Andrew M. Gass (Bar No. 259694)
                          *andrew.gass@lw.com*
                        Nicholas Rosellini (Bar No. 316080)
                          *nick.rosellini@lw.com*
                        505 Montgomery Street, Suite 2000
                        San Francisco, California 94111-6538
                        Telephone:  +1.415.391.0600
                        Facsimile:  +1.415.395.8095

                        Allison L. Stillman (*pro hac vice*)
                          *alli.stillman@lw.com*
                        1271 Avenue of the Americas
                        New York, New York 10020
                        Telephone:  +1.212.906.1747
                        Facsimile:  +1.212.751.4864

                        Allison S. Blanco (Bar No. 287554)
                          *allison.blanco@lw.com*
                        650 Town Center Drive
                        Costa Mesa, California 992626
                        Telephone: +1.714.540.1235
                        Facsimile: +1.714.755.8290

                        *Attorneys for Defendant Triller, Inc.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

DEF.'S MEMO OF P&As IN SUPPORT OF
MOTION TO BIFURCATE DISCOVERY
CASE NO. 2:20-CV-10515-JVS-AFM